UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANN TAVERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:17-CV-1274 (CEJ) |
| | ) |
| FIVE BELOW, INC., and | ) |
| ALICE HOELTZER, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand the action to the state court from which it was removed. Defendant Five Below, Inc. has filed a response in opposition. All issues are fully briefed.

### I.  **Background**

On March 1, 2017, plaintiff initiated this action in the Circuit Court of St. Louis County, Missouri, asserting a claim of employment discrimination in violation of the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010, *et seq*. Plaintiff claims that the defendants terminated her employment at defendant Five Below's retail store because of her race. Plaintiff alleges that she is a citizen of Illinois, that Five Below is a citizen of Pennsylvania, and defendant Alice Hoeltzer is a citizen of Missouri.

Five Below received service of process on March 13, 2017, and removed the action to this Court on April 7, 2017, invoking jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). In the instant motion plaintiff argues that because Hoeltzer is a Missouri citizen this case should be remanded pursuant to the forum

defendant rule, 28 U.S.C. § 1441(b)(2). Five Below opposes remand, asserting that Hoeltzer has not been "properly joined and served," as required by § 1441(b)(2).

## II. Legal Standards

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

The "forum defendant" rule—set forth in 28 U.S.C. § 1441(b)(2)—imposes an additional restriction on the removal of diversity cases. Specifically, the statute provides that:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly

joined and served as defendants is a citizen of the State
in which such action is brought.

### III. Discussion

The parties contest the appropriate application of the forum defendant rule. Plaintiff contends that under Eighth Circuit precedent "the forum defendant rule [is] jurisdictional," and therefore "district courts within the Eighth Circuit must consider a yet to be served forum defendant when addressing the propriety of removal." [Doc. #9 at 2].[1] Plaintiff cites *Mikelson v. Allstate Fire Casualty Insurance Company* No. 16-01237-CV-W-RK, 2017 WL 634515 (W.D. Mo. Feb. 16, 2017), *Roberts v. ITT Technical Institute*, No. 16-00030-CV-W-ODS, 2016 WL 1179208 (W.D. Mo. Mar. 24, 2016), and *Bailey v. Monsanto Company*, 176 F. Supp. 3d 853 (E.D. Mo. 2016) to support her argument.

Five Below argues that removal was proper under the plain language of 28 U.S.C. § 1441. In particular, Five Below insists that plaintiff's invocation of the forum defendant rule is improper, as plaintiff (1) made no attempt to serve defendant Hoeltzer, (2) "never even requested issuance of a summons," (3) instructed the state court to "hold service," and (4) has not issued "any discovery requests," for that information.[2] [Doc. #12 at 2 (internal formatting omitted)]. Five Below also states that it waited twenty-five days after receiving service to remove to federal court, and therefore did not "hawk" the docket. *Id.* (citing *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 977 (E.D. Mo. 2014)). Five Below contends that these factors distinguish this case from those cited by plaintiff.

---

[1] Plaintiff states that she intends to serve Hoeltzer's after obtaining her address through discovery from Five Below.
[2] Five Below does not argue that defendant Hoeltzer was improperly joined or fraudulent joined.

In the Eighth Circuit, a violation of the forum defendant rule introduces a jurisdictional defect and not "'a mere procedural irregularity capable of being waived.'" *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (quoting *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1146 (8th Cir. 1992)). And the substance of this rule mandates that a defendant may remove a case "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1241 (E.D. Mo. 2012) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton*, 431 F.3d at 604)). The forum defendant rule springs from the logic that the presence of an in-state defendant negates the need for protection from local biases, even in multi-defendant cases. *Perez*, 902 F. Supp. 2d at 1242. Critically, the "joined and served" language provides a safety valve for the rule: it "prevent[s] plaintiffs from joining, but not serving, forum defendants to block removal." *Id.* at 1245.

There is "much disagreement on whether to invoke the forum defendant rule in cases of pre-service removal." *Boschert v. Wright Med. Grp., Inc.*, No. 4:15-CV-00211 (AGF), 2015 WL 1006482, at *2 (E.D. Mo. Mar. 6, 2015). And because remand orders are generally unappealable, the Eighth Circuit has not resolved the discord. *See* 28 U.S.C. § 1447(d); *Johnson v. Emerson Elec. Co.*, No. 4:13-CV-1240 (JAR), 2013 WL 5442752, at *3 (E.D. Mo. Sept. 30, 2013). In large part, the different views expressed by the courts arise from tension between the plain text of 28 U.S.C. § 1441(b)(2) and its presumed purpose; that friction is only compounded by the holding of *Horton* in which the Eighth Circuit reaffirmed the jurisdictional nature of the rule.

One oft-invoked approach involves strict adherence to the plain language of 28 U.S.C. § 1441(b)(2), resulting in the denial of remand in cases with unserved forum defendants. *See, e.g., Johnson*, 2013 WL 5442752, at *4; *Terry v. J.D. Streett & Co.*, No. 4:09-CV-1471 (FRB), 2010 WL 3829201, at * 2 (E.D. Mo. Sept. 23, 2010); *Taylor v. Cottrell, Inc.*, No. 4:09-CV-536 (HEA), 2009 WL 1657427, at *2 (E.D. Mo. June 10, 2009); *Brake v. Reser's Fine Foods, Inc.*, No. 4:08-CV-1879 (JCH), 2009 WL 213013 (E.D. Mo. Jan. 28, 2009); *Johnson v. Precision Airmotive, LLC*, No. 4:07-CV-1695 (CDP), 2007 WL 4289656, at *3–4 (E.D. Mo. Dec. 4, 2007). Among the reasons provided for these decisions, is the Eighth Circuit's prescription that "[w]hen the language of the statute is plain, the inquiry also ends with the language of the statute, for in such instances the sole function of the courts is to enforce [the statute] according to its terms." *United States v. Union Elec. Co.*, 64 F.3d 1152, 1165 (8th Cir. 1995) (internal quotation marks and citations omitted).

Other decisions have seized upon the Eighth Circuit's exceptions to the plain language rule–where a scrivener's error produces an absurd result or where the plain text leads to a result at odds with the drafters' intent. *See Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014) (citing *Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693–94 (8th Cir. 2009)). In accordance with this premise, district courts have carved out exceptions to the "joined and served," language, deeming their analysis the "congressional intent" approach. *See, e.g., Mikelson*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *4 (W.D. Mo. Feb. 16, 2017). Some courts only apply this exception in so-called "egregious" cases of docket hawking. *See Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 977–78 (E.D. Mo. 2014) (reasoning that because such

egregious behavior did not occur, the plain language of the rule applied, and interpreting the text to mean that "an out-of-state defendant may remove a diversity case if at least one defendant–and no forum defendant–has been served"). This occurs when either the out-of-state or the forum defendant itself removes the case before being served. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1244–45 (E.D. Mo. 2012) (noting that "a forum defendant's pre-service removal is a particularly egregious violation of the rationale underlying the forum defendant rule"); *Rozelle v. Reinsurance Grp. of Am., Inc.*, No. 4:13-CV-02417 (ERW), 2014 WL 272300, at *3 (E.D. Mo. Jan. 23, 2014); *see also Prather v. Kindred Hosp.*, No. 14-0828-CV-W-FJG, 2014 WL 7238089, at *4 (W.D. Mo. Dec. 17, 2014). These "egregious" cases involve behavior that "smacks more of forum shopping by a defendant, than it does of protecting the defendant from the improper joinder of a forum defendant that plaintiff has no intention of serving." *Perez*, 902 F. Supp. 2d at 1243.

While some "congressional intent" courts have carved a relatively narrow exception to the forum defendant rule, others have taken a blunter instrument to the text. Those courts reason that cases with a forum defendant should *always* be remanded, without regard to service or indicators of gamesmanship from defendants. *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 866 (E.D. Mo. Mar 31, 2016); *Hensley v. Forest Pharm., Inc.*, 21 F. Supp. 3d 1030, 1035 (E.D. Mo. 2014); *see, e.g., Mikelson v. Allstate Fire and Cas. Ins. Co.*, No. 16-01237-CV-W-RK, 2017 WL 634515, at *5–6 (W.D. Mo. Feb. 16, 2017); *Roberts v. ITT Tech. Inst.*, No. 16-00030-CV-W-ODS, 2016 WL 1179208, at *2 n.3 (W.D. Mo. Mar. 24, 2016) (reasoning that gamesmanship has no bearing on the forum defendant inquiry).

Here, plaintiff filed the action in state court on March 1, 2017 and served Five Below on March 13, 2017. Five Below removed the case within the thirty-day period for timely removal under 28 U.S.C. § 1446(b). Accordingly, more than one month elapsed between the initial filing of the case and removal; yet, plaintiff did not serve Hoeltzer. *Cf. Perez*, 902 F. Supp. 2d at 1245 (ordering remand where the out-of-state defendant removed the case only six days after plaintiffs filed the complaint and before *any* defendant was served). Moreover, plaintiff has not shown that she has made any attempt to locate Hoeltzer for service. Thus, no egregious behavior or "hawking" of the electronic docket has occurred in this case. In fact, it appears that plaintiff is engaging in procedural gamesmanship to keep the case in state court. *See Perez*, 902 F. Supp. 2d at 1242–43. Therefore, although this Court believes the plain text is decisive of this question,[3] it is notable that policy purposes underlying the "joined and served" language (to prevent procedural gamesmanship by plaintiffs) are also well-served in this case.[4]

If service is properly executed upon Hoeltzer, the forum defendant, plaintiff may file a renewed motion to remand at that time. *See Hurt v. Dow Chem. Co.*, 963 F.2d 1142 (8th Cir. 1992) (holding that an objection to federal court

---

[3] To be sure, the application of the plain text of 28 U.S.C. § 1441(b)(2) will not always result in perfect outcomes. But it is the prerogative of Congress to clarify its intent and to correct any internal inconsistencies in light of modern technological developments. The application of the plain text does not rise to the level of completely undermining the statute's purpose or causing absurd outcomes. And notably, "there is no legislative history whatsoever on the addition of the 'properly joined and served' language to Section 1441(b)(2)," such that the Court can definitively decipher Congressional intent. *Rogers v. Boeing Aerospace Operations, Inc.*, 13 F. Supp. 3d 972, 976 (E.D. Mo. 2014). This is critical considering that "there must be some compelling indication of the drafters' contrary intent in order to contravene the plain text of a statute." *Id.*

[4] The Court concurs with the reasoning in *Rogers* that *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981), is not "precisely on point," and is limited to diversity destroying defendants. *Id.* at n.4.

jurisdiction, due to the inclusion of a properly joined and served forum defendant, cannot be waived).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #9] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2017.